# EXHIBIT "A"

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| GRACIE F. SCOTT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL FILE NO. STCV1501572 |
| | ) | |
| BELK, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST CONTINUING INTERROGATORIES

Comes Now Plaintiff Gracie F. Scott and responds to Defendants Interrogatories and Requests for Documents as follows:

## GENERAL OBJECTIONS AND QUALIFICATIONS

1.    Responder objects to each and every request as they exceed the number of requests allowed under the Georgia Civil Practice Act.

2.    Responder objects to each and every request to the extent that it would require disclosure of attorneys' or any other of its representatives' mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, other work product or the like, on the ground that said request exceeds the permissible scope of discovery under the Georgia Civil Practice Act.

3.    Responder objects to each and every request to the extent that it, whether standing alone, or taken in conjunction with any and all other requests is calculated, or would operate, to annoy, embarrass, oppress, unduly burden or unduly cause expense or would be unduly vexatious or unduly burdensome to respond to, on the ground that said requests exceeds the permissible scope of discovery under the Georgia Civil Practice Act.

Page 1

4.    Responder objects to each and every request to the extent that it requires Responder to respond by acquiring or supplying information which would be irrelevant to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence, on the ground that said request exceeds the permissible scope of discovery under the Georgia Civil Practice Act.

5.    Responder objects to each and every request to the extent that it would require Responder to respond by waiving its attorney-client privilege, on the ground that said request exceeds the permissible scope of discovery under the Georgia Civil Practice Act.

6.    Responder objects to each and every request to the extent that it seeks to invade the work product doctrine, on the ground that said request exceeds the permissible scope of discovery under the Georgia Civil Practice Act.

7.    Without waiving or prejudicing the rights to assert these general objections or any other objections which may be set forth herein, and in a good faith effort to provide the information available to the Responder at this stage of the discovery and the investigative process in this litigation, this Responder will provide responsive and non-objectionable information now available with regard to certain of the requests.

8.    Insofar as any of the requests seek information to which the foregoing General Objections apply, specification of or failure to note particular General Objections is not a waiver of those or other objections with respect to any request.

9.    Responder reserves the right to supplement the responses as new or different information is discovered.

10.   Subject to the foregoing objections, each of which is specifically incorporated by reference into each of the following responses, and without waving any of the same

either in whole or in part, Responder hereby responds to the requests as follows:

## INTERROGATORIES

1.

State your full name, any and all names or aliases you have used, date and place of birth, social security number, and addresses for the past ten (10) years.

RESPONSE:  Gracie F. Scott, July 19, ███, ████████, ███████████, Hinesville, GA 31313.

2.

State the full name of any person to whom you have ever been married and give the dates of each such marriage.  Give the names and dates of birth of each of your children and identify the father of each child.

RESPONSE:  Plaintiff was married to Joseph Bryant and had the following children:  Rounette Bryant, deceased, Darlene Bryant, 8/2/█, Pedro Bryant 9/14/█, and Sherman Bryant 8/26/█. Plaintiff is presently married to Joe Scott and they have no children together.

3.

State your educational background, including all schools, institutions, trades or professional schools you attended, the dates of attendance at each such schools, and the degrees, certificates, or licenses obtained at each.

RESPONSE:  Plaintiff graduated from Liberty High School in 1955.  She attended college at Fort Valley State for approximately 2 years in 1958 and 1959.

**4.**

Have you ever been a party to a lawsuit, including a claim for workers compensation, disability or a bankruptcy proceeding? If so, please identify the person involved, the style and number of the case, the nature of the case, the role you had (Plaintiff, Defendant, etc.) and the court or administrative body in which the suit or claim was filed.

RESPONSE: No.

**5.**

Have you ever been arrested or convicted of any crime (other than a traffic offense)? If so, please identify each crime, date of arrest, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge.

RESPONSE: No.

**6.**

Please provide the names and addresses of your current employer, and every other employer for whom you have worked in the last fifteen (15) years. In doing so, please provide (a) the date of your employment, (b) the nature of your work or position and (c) the average rate of pay you received on a weekly, monthly or yearly basis.

RESPONSE: Liberty County Board of Education, Substitute teacher, $10 per hour, on average 3 days per week.

**7.**

Please describe with particularity the incident, including but not limited to the nature of the alleged hazard and describe, in your own words, how the incident happened.

RESPONSE: Plaintiff was walking through the store, her foot "snagged" in the crack/crevice between tile and she fell forward hitting her face and knees on the tile floor.

8.

Please state your purpose and/or occasion for being at the premises on the date of the incident and the time of your arrival.

RESPONSE:   Plaintiff was at Belk to find a gown for her granddaughter.   The time was approximately 10-10:30 a.m. in the morning.

9.

Please state whether you had visited the premises prior to the incident.  If so, please state the date(s) of each previous visit.

RESPONSE:  Plaintiff had been in this Belk store multiple times before the date of her fall.

10.

Please identify with reasonable particularity all areas you traversed inside of the Belk store and all of your activities inside the Belk store prior to the incident, including, but not limited to: :

(a)     Where you parked; and

(b)     Your path of travel on the premises to the area where the incident occurred.

RESPONSE:  Plaintiff parked on the Mall Boulevard side of Belk and entered at the Mall Boulevard entrance.  She entered the store, following the walk way to the right toward the Abercorn entrance, again following the walk way she turned left walking past the Abercorn entrance.  The fall occurred in the walk way near the corner in the ladies department.

11.

Did you take any medicine or drug or consume any alcoholic beverage in the 24 hours prior to the alleged incident?  If so, state the name of the medicine, or drug and a description of

the condition which required such medicine, or drug; or the type of beverage consumed, the size

of each, the number of drinks consumed prior to the alleged incident on the day of the alleged

incident and the length of time between the last drink and the incident.

RESPONSE:  Plaintiff did not consume alcohol.  Plaintiff did take her prescribed medications as

prescribed by her doctors:  blood pressure medication, potassium, iron.

12.

Please give the full name, address, telephone number, and e-mail address of each person

with whom you visited the premises on the date of the incident.

RESPONSE:  Plaintiff did not visit anyone on the premises.

13.

Please state whether you or someone on your behalf reported the incident to any

employee, manager, owner, or representative of the Defendant and/or your employer at the time.

If so, please state:

    (a)    The date on which the report was made;

    (b)    The manner in which the report was communicated (e.g. via telephone, letter, in

            person, etc.);

    (c)    The name and contact information of the person to whom it was reported; and

    (d)    The information reported to said person.

RESPONSE:  When Plaintiff fell, customers notified an employee working in the area.  Plaintiff

was later contacted by Pierre M. Prevost, Sr. Claims Examiner, Broadspire Services, Inc.

14.

Please set forth in detail each and every act or omission you contend was a breach of duty

on the part of each Defendant.  State the factual basis upon which you allege each Defendant was

negligent, identify all persons with knowledge of such facts, and identify all documents relating or referring to any such facts.

RESPONSE: See the Complaint and attached affidavit of Leslie Bowling.

### 15.

To the extent that you allege in your Complaint that you fell while walking on the first floor of the premises, please describe the alleged hazard and its location, color, and area/size.

RESPONSE: See the Complaint and attached affidavit of witness Leslie Bowling. There was an area of tile and grout that had an absence of grout such that there was a depression between the tiles creating a crevice-like area in the walk way near the corner in the ladies department.

### 16.

Please set forth in detail the factual basis upon which you allege this Defendant had actual or constructive knowledge and superior knowledge of the alleged hazard and identify all persons with knowledge of such facts, and identify all documents relating or referring to any such facts.

RESPONSE: As discovery is on-going, Plaintiff reserves the right to supplement this response. Notwithstanding future supplementation, said crevice- like condition existed at the time of said fall and such premises was under the control of Belk.

### 17.

Please set forth in detail the factual basis upon which you allege this Defendant was negligent in permitting abnormal and uneven tile and grout conditions to exist on the premises, as alleged in Paragraphs 8-10 of your Complaint, and identify all persons with knowledge of such facts, and identify all documents relating or referring to any such facts.

RESPONSE:  See the Complaint and attached affidavit of witness Leslie Bowling.

18.

Please set forth in detail the factual basis upon which you allege this Defendant negligently and carelessly maintained the area in an unsafe, dangerous and defective condition, as alleged in Paragraph 15 of your Complaint, and identify all persons with knowledge of such facts, and identify all documents relating or referring to any such facts.

RESPONSE:  As discovery is on-going, Plaintiff reserves the right to supplement this response. See the complaint and attached affidavit of Leslie Bowling.

19.

Please set forth in detail the factual basis upon which you allege this Defendant negligently and carelessly failed to conduct proper inspections, as alleged in Paragraph 15 of your Complaint, and identify all persons with knowledge of such facts, and identify all documents relating or referring to any such facts.

RESPONSE:  As discovery is on-going, Plaintiff reserves the right to supplement this response.

20.

Please set forth in detail the factual basis upon which you allege this Defendant negligently and carelessly failed to remedy the condition or correct it, as alleged in Paragraph 15 of your Complaint, and identify all persons with knowledge of such facts, and identify all documents relating or referring to any such facts.

RESPONSE:  As discovery is on-going, Plaintiff reserves the right to supplement this response. On a subsequent date, Plaintiff and her husband returned to the location of her fall and said crevice like area appeared to still exist and not have been repaired on filled in.

21.

Please set forth in detail the factual basis upon which you allege this Defendant negligently and carelessly failed to warn of a purported dangerous, unsafe or defective condition, as alleged in Paragraph 15 of your Complaint, and identify all persons with knowledge of such facts, and identify all documents relating or referring to any such facts.

RESPONSE: As discovery is on-going, Plaintiff reserves the right to supplement this response. Plaintiff does not recall seeing any type of sign or other warning device in the area in question prior to her fall.

22.

Please set forth in detail the factual basis upon which you allege that Plaintiff is entitled to recover attorney's fees and expenses of litigation as alleged in your Complaint and identify all persons with knowledge of such facts, and identify all documents relating or referring to any such facts.

RESPONSE: See the complaint and attached affidavit of Leslie Bowling. As discovery is on-going, Plaintiff reserves the right to supplement this response.

23.

State the substance of, and the names of the parties to, all conversation or other communications you, or any of your representatives, have had with any Defendant or agent of any Defendant at the time of or any time following the incident giving rise to this lawsuit.

RESPONSE: Mr. Pierre Provost provided his contact information to Plaintiff. Plaintiff's counsel mailed a demand package to Mr. Provost. Mr. Provost sent a letter to Plaintiff's counsel denying liability on behalf of Belk, Inc.

24.

Please state the name, present address and telephone number of each and every person with information or knowledge regarding any fact concerning the incident, including but not limited to individuals and/or entities who witnessed the incident, responded to the scene of the incident, assisted you after the incident, or investigated the incident. Please describe, as best you can, the information or knowledge held by each such person.

RESPONSE: Plaintiff, unknown employee at Belk, Leslie Bowling, coworker of Plaintiff who came up and noticed Plaintiff sitting in a chair bleeding from her mouth; EMS technicians that transported Ms. Scott from Belk to St. Joseph's Hospital,  Emergency room personnel at St. Joseph's hospital.

The Plaintiff's husband, Joe Scott, and granddaughter, Joy Bryant, were waiting in the car for Ms. Scott to shop and came into the store after learning of the fall.  Plaintiff's children, Darlene Bryant, Sherman Bryant and Pedro Bryant all have information regarding how the injuries affected the Plaintiff.  Lily Baker and Jason Rogers of the Liberty County Board of Education and Ed Edwards, former superintendent of the Liberty County Board of Education have knowledge of the Plaintiff's work ethic and history as a substitute teacher.  Sinclair Thorn, pastor of Plaintiff's church has knowledge of Plaintiff's activities before and after her injuries.

25.

Please describe, in your own words, the injuries you received as a result of the incident and identify what injuries you are, at present, suffering from and the manner and extent of your current suffering.

RESPONSE: Plaintiff suffered a dental fracture, neck pain, mouth laceration as well as injury to her right knee.

26.

Please state whether you suffered any injury to the body part(s) identified in your response to Interrogatory 25 <u>prior</u> to the incident in this case. For each injury and/or condition suffered:

      (a)    Describe the diagnosis or nature of the injury or condition;

      (b)    The date(s) you suffered from said injury or condition; and

      (c)    The name, address, and telephone number of any and all medical provider(s) who treated you for said injury or condition.

RESPONSE: Plaintiff objects to this interrogatory as being overly burdensome. Without waiving said objection, prior to the fall at Belk Plaintiff had an anterior cervical fusion surgery, foot surgery and physical therapy for a tight rotator cuff tear. Plaintiff has suffered from knee discomfort for several years with increased pain in the right knee after the fall at Belk, Inc.

27.

Please state the place and date of all accidents or incidents involving injury in which you have been involved prior or subsequent to the occurrence giving rise to this lawsuit, including a description of the personal injuries you received in such other accidents or incidents, and the name, address and phone number for the medical facilities which treated you for such injuries.

RESPONSE: None

28.

State whether you were suffering from any injuries, illnesses, or other conditions, which impaired your mobility or gait on the date of the incident giving rise to this lawsuit and the nature of any such injuries, illnesses, or conditions.

RESPONSE: Plaintiff has had issue of imbalance prior to the accident in question which arguably could have affected her mobility and gate, but as of the date in question and the events

in question, she was not experiencing any conditions that in way detrimentally affected her mobility or gait.

29.

Please provide the names and addresses of all physicians or other medical providers or physical therapists for whom you have sought treatment, for any reason, for a fifteen (15) year period prior to the incident.

RESPONSE:   Plaintiff objects to the overly broad and unduly burdensome nature of this interrogatory.  Without waiving said objection,   Plaintiff's primary care physicians have been at Winn Army Community Hospital.  Plaintiff also saw Dr. Hope at Optim Orthopedics.

30.

Please identify (by name, address and telephone number) all medical providers (including but not limited to physicians, nurses, chiropractors, clinics, hospitals, offices or locations) with whom you sought treatment for the injuries you claim to have sustained as a result of the incident and identify the dates of treatment with each such medical providers.

RESPONSE:     Winn Army Community Hospital, Ft. Stewart, Georgia; Coastal Enododontics, 111 East Mills Ave, Hinesville, GA; Coastal Oral & Maxillofacial Surgery Associates, P.C. 4540 E. Oglethorpe Hwy, Suite A, Hinesville, GA;   Darin E. Townsend, DMD, 767 Veterans Parkway, Suite 102, Hinesville, GA; St. Joseph's Hospital, Mercy Boulevard, Savannah, GA; Coastal Empire Plastic Surgery, PC, 900 Mohawk St. Suite A, Savannah, GA  31419; Optim Orthopedics, 201 E. Derenne Avenue, Savannah, Ga.  See attached records and bills for said providers to include information on the respective dates of treatment and service.

31.

Please provide an itemization of your medical bills, expenses and/or damages, including (a) the name of such physician or medical provider who treated you, (b) the address of such physician or medical provider, (c) the dates of treatment, and (d) the amount of the bill expense or damages from each such provider or physician.

RESPONSE:  See attached medical expense summary and bills for all providers listed in response to No. 30 above.

32.

With respect to any payments which you have received (or which were made on your behalf by any source) because of the incident giving rise to this lawsuit, please state the amount and payee of each payment, the name and address of the person, insurance company, corporation or other entity making each payment, and the nature of each payment made (i.e., P.I.P., Workers' Compensation, disability income, medical payments policy, U.S. or state government, etc.).

RESPONSE:  Plaintiff has not received any type of payment.  Plaintiff's health insurance (TriCare for Life and Medicare) has covered some of her medical expenses, but the vast majority of her dental related medical expenses have been paid out of pocket by the Plaintiff.

33.

Are you aware of any written, recorded or oral statements provided by any party, eyewitness to the incident, or witness having information or knowledge regarding any aspect of the incident? If so, with regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any such person, please state the name of each person, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody, or control of each statement.

RESPONSE: In that medical records may be considered statements, see the attached medical records. Also see the attached affidavit of Leslie Bowling, which was also attached to the Complaint.

34.

Please identify and describe with reasonable particularity all photographs, videotapes, and other illustrations regarding any aspect of this incident or the claims in your lawsuit, and please give the date each was made and the name and address of the person(s) with possession, custody, or control of each item.

RESPONSE: See the attached photos of the floor in Belk where Plaintiff fell.

35.

Please state the name, address, occupation and field of specialization, if any, of each person whom you may or will call as an expert witness at the trial of this matter.

RESPONSE: Plaintiff objects to providing any material that is protected by the attorney work product doctrine. Without waiving said objection, Plaintiff does not know at this time what experts will be called.

36.

Are you claiming a loss of earnings or lost wages as a result of the incident? If so, please state the dates in which you were unable to work, your rate of pay immediately before the incident, the name and address of your employer and supervisor as of the date of the incident, and any and all other facts and information in support of your alleged loss wage claim.

RESPONSE: Plaintiff worked as a substitute teacher for the Liberty County Board of Education. She worked on average 3 days a week. After the accident she was unable to work for approximately 3 ½ months for an approximate loss of $3800.

37.

Please itemize any and all lost wages, lost future income, or loss of earning capacity you are seeking related to the incident.

RESPONSE: See response to No. 36 above.

38.

Please itemize any additional special damages which were not otherwise itemized in your response to this Defendant's Interrogatories.

RESPONSE: Plaintiff reserves the right to supplement this response.

39.

Please state whether you have returned to the premises since the incident. If so, please state the date(s) of your visit(s).

RESPONSE: Plaintiff has returned to Belk since the accident. She cannot recall the dates and times of these visits.

40.

Please identify in full detail any lien, subrogation right, and/or reimbursement right on any recovery Plaintiff may have from Defendant(s) in the present case. In doing so, please identify the individual and/or entity that allegedly possesses the right, the individual and/or entities' contact information, the nature of that right, the dollar amount of each respective interest, and any related claim number.

RESPONSE: At this time, Plaintiff has been notified of a lien by the Department of the Army in the amount of $1099.98.

41.

Please state whether you have ever been declared by an entity to be disabled and, if so when you were declared disabled and the nature of your condition which resulted in disabilty.

RESPONSE:  No.

42.

Have you ever applied for Social Security Disability benefits?  If so, provide the date(s) of the application and the outcome.

RESPONSE:  No.

43.

Please state whether you are currently a Medicaid or Medicare beneficiary.

RESPONSE:  Plaintiff is a current Medicare beneficiary.

44.

Please identify all social media outlets you have utilized since 2010, including but not limited to, Facebook, MySpace, Twitter, and any internet blogs, boards or chatrooms, as well as your screen or user name for each account utilized.  Please also state the date and nature of any entries, postings, or photographs concerning the incident, Defendant(s), and/or your injuries. Please also state whether any such entries, postings, or photographs have been deleted and, if so, provide the date(s) the items were deleted.

RESPONSE:  Not applicable.

## REQUEST FOR PRODUCTION OF DOCUMENTS

You are to produce a true and correct copy of each of the following documents or things:

### 1.

Please produce any and all records, reports or other documents reflecting your injuries from the incident and/or treatment from any medical provider, hospital or physician for the injuries you sustained as a result of the incident.

RESPONSE:  See the attached medical records and bills as listed in Interrogatory response No.30

### 2.

Please produce any and all bills, invoices, receipts or other documents reflecting any charge, cost or fee for the medical treatment you received for your injuries following the incident.

RESPONSE:  See attached medical records and bills as listed in Interrogatory responses No. 30 and 31.

### 3.

Please produce any and all receipts, credit card statements, or any other tangible evidence reflecting or regarding any purchases and/or returns made by you at the Defendant's location on the date of the incident.

RESPONSE:  Plaintiff did not make any purchases on the date of the incident.

4.

Please produce any and all photographs and videotapes taken of you and/or any person in your party at the premises on the date of the incident.

RESPONSE: See attached photographs of tile and grout of area where Plaintiff fell.

5.

Please produce any and all photographs or videos taken of you, your injuries, or the scene of the incident at any time following the incident.

RESPONSE: Plaintiff objects to providing material protected by the work product doctrine. Without waiving said objection, see attached photographs.

6.

Please produce copies of any and all Facebook and/or other social media postings, comments, and photographs concerning the incident, your resulting injuries, and/or the store.

RESPONSE: Not applicable

7.

Please provide any and all journals, logs, notes or other documents you have kept (either hand written, typed or electronically) describing the incident, your injuries and your medical treatment.  (NOTE: this Request excludes any communications between you and your attorneys).

RESPONSE: Plaintiff has no such documentation.

8.

Please provide each and every document you have submitted to any insurance company, or any insurance company's attorney or similar agent, regarding your injuries, medical treatment,

medical insurance, workers' compensation, or payment of all expenses and fees regarding your medical treatment associated with the injuries you received as a result of this incident.

RESPONSE: See attached copy of demand package mailed to Pierre Provost of Broadspire.

9.

Please produce all statements (whether written, recorded, transcribed or in any other form) taken from any eyewitness to the incident or witness with knowledge of the incident.

RESPONSE: See attached affidavit of Leslie Bowling.

10.

Please produce any and all communications (written, electronic, voicemail recordings, recorded conversations or communications) between you and any employee, manager, owner, or representative of the Defendant regarding the incident and/or your injuries.

RESPONSE: Other than the correspondence mentioned in No. 8 above, Plaintiff has no such documents.

11.

Please produce any and all reports, notes, photographs or other documents prepared by an expert witness retained or employed to investigate or render an opinion concerning the incident and/or your injuries, who is expected to testify at the trial of this case.

RESPONSE: Plaintiff objects to providing any material protected by the work product doctrine. Without waiving said objection, Plaintiff does not know at this time what experts will testify at trial.

12.

Please produce any documents from your employer reflecting any and all time (hours, days, or weeks) missed from work because of the incident or your injuries.

RESPONSE:  Plaintiff has requested from her employer and will supplement if available.

13.

Please produce a copy of any and all paychecks, pay stubs, W-2 forms or other documents reflecting or demonstrating your daily, monthly, and/or yearly wages from 2009 to the present date.

RESPONSE:  See attached W-2s for 2013 and 2014.

14.

Please produce your state and federal income tax returns filed since 2010.

RESPONSE:  See attached tax return for 2013.  Plaintiff is trying to locate additional returns and will supplement if available.

15.

Please produce any and all documents supporting your claim for any lost wages or earnings arising out of or because of the incident.

RESPONSE:  See response to Nos. 13 & 14 above.

16.

Please produce any and all documents and other tangible evidence in support of your claims in the current lawsuit.

RESPONSE:  Plaintiff objects to the overly broad and vague nature of this interrogatory. Without waiving said objection, see all previous identified and attached material.

17.

Please produce any and all documents, photographs, videotapes, and/or illustrations identified in your responses to Defendant's Interrogatories.

RESPONSE:  See attached medical records, bills, photographs and correspondence with Pierre Provost.

18.

Please produce anything, not already produced, you plan to use as evidence at trial to support your contentions contained in your Complaint.

RESPONSE: Plaintiff objects to providing material protected by the work product doctrine. Plaintiff also objects to this request as being overly broad, and unduly burdensome and to the extent that discovery is ongoing.

This ___18___ day of December, 2015.

ARNOLD & STAFFORD

_____
H. Craig Stafford
Georgia Bar No. 673885

Attorney for Plaintiff

Post Office Box  339
Hinesville, GA  31310
(912) 369-4529

## **VERIFICATION**

IN PERSON, before the undersigned officer, duly authorized to administer oaths, appeared Gracie F. Scott who being duly sworn states that the statements set forth in the within and foregoing Response to Defendant Belk, Inc.'s Interrogatories and Request for Production of Documents are true and correct. However they are not based solely on the knowledge of the executing party, but include information by and through defendant's agents, representatives and attorneys.

The word usage and sentence structure may be that of the attorney assisting in the preparation of the answers and does not necessarily purport to be the precise language of the executing party.

This the 14 day of December , 2015.

_Gracie F. Scott_
Gracie F. Scott

Sworn to and subscribed before me
This 14 day of December , 2015.

_____
Notary Public

Date of Accident: 1/2/2014

Medical Expenses of Gracie Scott

| Dates | Provider | Amount |
|---|---|---|
| | Department of Army Treatment at Winn | $611.41 |
| 3/13/2014-9/17/14 | Townsend Family Dental | $4,918.00 |
| 1/7/14-2/17/14 | Coastal Empire Plastic Surgery | $536.00 |
| 1/3/14 | Coastal Oral & Maxillofacial | $2,266.00 |
| 5/12/14 | Liberty Trail Endodontics | $1,195.00 |
| 1/2/2014 & 1/4/14 & 10/8-9/2014 | St. Joseph's Hospital | $53,008.80 |
| 1/2/2014 | Mercy Ambulance Service | $774.91 |
| 1/2/14 | Georgia Emergency Physician | $1111.00 |
| 1/2/14 | David Knopf (radiologist) | $551.00 |
| 7/11/14-1/30/15 | Optim Orthopedics | $10,743.20 |
| | LRMC physical therapy | $3253.02 |
| total | | $$75,715.32 |
| | Treatment paid by Tricare for life | $488.57 |
| * | Total lien by Department of Army | $1099.98 |

Lost wages of Gracie Scott

Ms. Scott worked as a substitute teacher. Her rate of pay was $10 per hour. On average she would work 3 times per week. She was unable to work for approximately 3 ½ months and estimates that her lost income was approximately $3800.00