# EXHIBIT "B"

RECEIVED FOR FILING
STATE COURT CLERK
CHATHAM CO. GA

IN THE STATE COURT OF CHATHAM COUNTY

2015 OCT -2 PM 2: 06

STATE OF GEORGIA

Brian K. Hart

| | |
|---|---|
| GRACIE F. SCOTT | ) |
| Plaintiffs, | ) |
| vs. | ) Civil Action No. STCV1501572 |
| BELK, INC., | ) |
| Defendant. | ) |

## SUMMONS

TO: BELK, INC.
c/o National Registered Agents, Inc.
1201 Peachtree Street Northeast, Suite 1240
Atlanta, GA 30361

You are hereby summoned and required to file with the Clerk of this Court and to serve upon the Plaintiff's attorney, whose name and address are:

H. Craig Stafford
ARNOLD & STAFFORD
Post Office Box 339
Hinesville, Georgia 31310
(912) 369-4529

an answer to the Complaint that is herewith served upon you within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Date: 10-2-15

_____
[Deputy] Clerk
Chatham County State Court

1

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

RECEIVED FOR FILING
STATE COURT CLERK
CHATHAM CO, GA
2015 OCT -2 PM 2:06

*Brian K. Hart*

| | |
|---|---|
| GRACIE F. SCOTT </br> Plaintiffs, </br> vs. </br> BELK, INC., </br> Defendant. | ) </br> ) </br> ) </br> ) Civil Action No. _____ </br> ) </br> ) </br> ) |

## COMPLAINT

COMES NOW Gracie F. Scott, Plaintiff in the above-styled action, by and through her attorneys, and shows the Court the following:

**1.**

Plaintiff, Gracie F. Scott, resides at 230 Maple Drive, N., Hinesville, Liberty County, Georgia 31313.

**2.**

Defendant, Belk, Inc., (hereinafter "Belk" ) is a corporation authorized to do business in the State of Georgia with an office/place of business located at 7804 Abercorn Street, Suite 184, Savannah, Chatham County, Georgia  Defendant may be served with process in this case by service upon its registered agent for service of process, National Registered Agents, Inc., at 1201 Peachtree Street Northeast, Suite 1240, Atlanta, Fulton County, Georgia 30361.

**3.**

Defendant was the owner and/or occupier of the Belk department store located at 7804 Abercorn St., Suite 184, Oglethorpe Mall, Savannah, GA 31406 at all times material herein.

**4.**

Jurisdiction is proper as to Defendant.

**5.**

Venue is proper as to Defendant.

6.

On January 2, 2014, Plaintiff Gracie F. Scott was legally on the premises of the Belk department store located at 7804 Abercorn St., Suite 184, Oglethorpe Mall, Savannah, GA 31406, as an invitee and customer/patron for the specific purpose of shopping at said Belk department store.

7.

While on the premises and within the Belk Department Store building, and while walking in the store within the pedestrian/customer designated walk way on the first floor and exercising all reasonable and due care for her safety, Plaintiff Gracie Scott stepped on an area of tile and grout which was unsafe, dangerous, and not properly maintained and which caused her to fall to the ground and sustain bodily injuries.

8.

Plaintiff Gracie F. Scott's fall was the direct result of the unsafe, dangerous condition of abnormal and uneven tile and grout surfacing.

9.

Agents and/or employees of Defendant were negligent in allowing the uneven tile and grout condition to exist.

10.

Defendant's agents and/or employees were negligent in that they failed to exercise ordinary care in keeping the premises safe.

11.

Said negligence of Defendant's agents and/or employees is imputed to Defendant.

12.

As a direct and proximate result of Defendant's negligence, Plaintiff Gracie F. Scott suffered bodily injuries, including, but not limited to, lacerations to her face and mouth and fractured teeth.

13.

At all times relative to this incident, Plaintiff Gracie F. Scott was exercising due care for her own safety.

-2-

her own safety.

**14.**

At the time and place of the incident complained of, Defendant owed Plaintiff Gracie F. Scott a duty of exercising ordinary care to maintain the department store premises in a reasonably safe condition; to correct dangerous conditions of which they knew or should have known; and to warn Plaintiff of any dangerous condition of which Defendant knew or should have had knowledge.

**15.**

At the time and place of the incident complained of, Defendant, via its agents and employees, breached its duties owed to Plaintiff Gracie F. Scott in one or more of the following ways:

    a. Defendant negligently and carelessly maintained the area, and in particular, the walkway, in an unsafe, dangerous and defective condition;

    b. Defendant negligently and carelessly failed to discover the unsafe, dangerous and defective condition of the walkway area by conducting proper inspections;

    c. After Defendant learned or discovered this dangerous, unsafe and defective condition in the walkway, Defendant nonetheless failed to cause appropriate steps to be taken to remedy such condition and negligently and carelessly failed to correct it; and

    d. After learning of the dangerous condition, Defendant negligently and carelessly failed to warn Plaintiff Gracie F. Scott about it.

**16.**

At all times complained of the unsafe and dangerous condition of the walkway area was a defect unknown to Plaintiff Gracie F. Scott and was not discoverable by her in the exercise of reasonable care.

**17.**

At all times complained of, Defendant knew, or in the exercise of ordinary care should have known, of the unsafe, dangerous and defective condition in the walkway, as it is heavily used by the patrons, and that such condition, if not promptly remedied, created a particular, inherent, intrinsic, and unreasonable risk of physical harm to persons coming upon the store premises.

**18.**

Defendant, via its agents and employees, had knowledge of said dangerous condition which was superior to the knowledge of Plaintiff.

**19.**

As a direct and proximate result of the aforementioned acts of negligence of Defendant and Defendant's agents and employees as set out herein, Plaintiff Gracie F. Scott has sustained pain and suffering, and medical bills and will sustain future pain and suffering, and medical expenses.

WHEREFORE, Plaintiff prays as follows:

(a) That process issue and Defendant be served with the summons and complaint according to law;

(b) That Plaintiff have a trial by a jury;

(c) That Plaintiff Gracie F. Scott have judgment against Defendant for all damages allowed under Georgia law, including, but not limited to, recovery for general and special damages, including pain and suffering, both mental and physical, and medical bills, in an amount to be proven at the time of trial;

(d) That Plaintiff recover the costs of this litigation;

(e) For such other and further relief as this Court deems just and proper.

Respectfully submitted, this _2_ day of _October_, 2015.

ARNOLD, STAFFORD

_____
H. Craig Stafford
Georgia Bar No. 673885
Jeffery L. Arnold
Georgia Bar No. 023375
Andrew S. Johnson
Georgia Bar No. 107116
Attorney for Plaintiff

Post Office Box 339
Hinesville, GA 31310
(912)369-4529

# NATIONAL REGISTERED AGENTS, INC
## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: GLENDA PIAZZA
Belk, Inc.
2801 W Tyvola Rd
Charlotte, NC 28217-4500

SOP Transmittal # 527966514

404-965-3840 - Telephone

Entity Served: BELK, INC. (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc or its Affiliate in the State of GEORGIA on this 12 day of October, 2015. The following is a summary of the document(s) received:

1. **Title of Action:** GRACIE F. SCOTT, Pltf. vs. BELK, INC., Dft.
2. **Document(s) Served:** Other: Summons, Complaint, First Request(s), First Interrogatories
3. **Court of Jurisdiction/Case Number:** Chatham County State Court, GA
   Case # STCV1501572
4. **Amount Claimed, if any:** N/A
5. **Method of Service:**

   _X_ Personally served by:   _X_ Process Server   ___ Deputy Sheriff   ___ U. S Marshall

   ___ Delivered Via:   ___ Certified Mail   ___ Regular Mail   ___ Facsimile

   ___ Other (Explain):

6. **Date and Time of Receipt:** 10/12/2015 09:29:00 AM CST
7. **Appearance/Answer Date:** Within 30 days after service, exclusive of the day of service (Document(s) may contain additional answer dates)
8. **Received From:** H. Craig Stafford
   ARNOLD, STAFFORD
   Post Office Box 339
   Hinesville, GA 31310
   912-369-4529
9. **Federal Express Airbill #**
10. **Call Made to:** Not required
11. **Special Comments:**

NRAI has retained the current log, Retain Date: 10/12/2015, Expected Purge Date: 11/11/2015

Image SOP

Email Notification, RALPH A. PITTS RALPH_PITTS@BELK.COM

Email Notification, LUTHER T. MOORE LUTHER_MOORE@BELK.COM

Email Notification, GLENDA PIAZZA GLENDA_PIAZZA@BELK.COM

Email Notification, REBECCA ORR REBECCA_ORR@BELK.COM

**NATIONAL REGISTERED AGENTS, INC**          CopiesTo:

Transmitted by Shakinah Edwards
The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL