# EXHIBIT "C"

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

2015 NOV -3 AM 10: 37

| | |
|---|---|
| GRACIE F. SCOTT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL FILE NO. STCV1501572 |
| ) | |
| BELK, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant BELK, INC., and hereby files this its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

### FIRST DEFENSE

No act or omission of this Defendant either proximately caused or contributed to whatever damages the Plaintiff may have sustained, and on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

### SECOND DEFENSE

At all times, Defendant exercised a duty of care required by it under law; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

### THIRD DEFENSE

The occurrence complained of was caused, produced, and brought about directly and proximately by the negligence of Plaintiff, and on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

Page 1

## FOURTH DEFENSE

Plaintiff could and should have avoided the consequences of any alleged injuries she sustained in the incident described in her Complaint; therefore, Defendant has no liability to Plaintiff.

## FIFTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided being injured, and on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

## SIXTH DEFENSE

Plaintiff herself may have had equal knowledge of the alleged hazard described in her Complaint to that of the Defendants; therefore, Plaintiff's claims are barred under Georgia law.

## SEVENTH DEFENSE

If Defendant was negligent, and Defendant expressly denies that it was negligent in any manner whatsoever, Plaintiff's own negligence may have equaled or surpassed any assumed negligence on the part of the Defendant; therefore, Plaintiff cannot recover from this Defendant in any sum or manner.

## EIGHTH DEFENSE

Plaintiff has failed to mitigate her damages and therefore cannot recover against the Defendant.

## NINTH DEFENSE

Plaintiff is not the real party in interest with regards to the items of damages outlined in the Complaint, and can therefore not recover for same.

## TENTH DEFENSE

Plaintiff's claim for attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11 is factually and legally without merit and should be dismissed.

## ELEVENTH DEFENSE

Without waiving any of the above defenses and subject to the above affirmative defenses, this Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint answers as follows:

1.

Defendant does not possess sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

2.

This Defendant admits that Belk, Inc. operates a Belk department store located at 7804 Abercorn Street, Suite 62, Savannah, Georgia, that its registered agent for service has been properly identified by Plaintiff, and that venue is proper in Chatham County. This Belk department store is retail establishment selling goods to the general public. This Defendant denies the balance of the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

This Defendant admits that Belk, Inc. operates a Belk department store located at 7804 Abercorn Street, Suite 62, Savannah, Georgia. This Defendant denies the balance of the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant does not possess sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

7.

This Defendant denies that it breached a duty owed to Plaintiff. Defendant does not possess sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

8.

Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint as stated.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint, including subparagraphs (a) through (d).

16.

Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

### TWELTH DEFENSE

Defendant denies the last numbered paragraph in Plaintiff's Complaint including sub-paragraphs (a) through (e).

Each and every allegation contained in Plaintiff's Complaint not specifically addressed above is hereby expressly denied.

WHEREFORE, Defendant having fully answered the Plaintiff's Complaint prays that it hence be discharged of the Plaintiff's Complaint on all the aforesaid defenses, and that judgment be entered in favor of this Defendant and against the Plaintiff, with all costs cast upon the Plaintiff. Defendants prays that:

(a) Plaintiff's Complaint be dismissed;

(b) That Defendants have a jury of 12 for a trial of this case; and

(c) Any further relief this Court deems as proper.

Respectfully submitted this 29th day of October, 2015.

                                              **SWIFT, CURRIE, McGHEE & HIERS, LLP**

By: _____
     Pamela Newsom Lee
     Georgia State Bar No. 198981
     Jennifer L. Nichols
     Georgia State Bar No. 001294
     Counsel for Defendants Belk, Inc.

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
pamela.lee@swiftcurrie.com
jennifer.nichols@swiftcurrie.com

Page 6

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint* via U.S. Mail, addressed as follows:

> H. Craig Stafford, Esq.
> Jeffery L. Arnold, Esq.
> Andrew S. Johnson, Esq.
> ARNOLD & STAFFORD
> Post Office Box 339
> Hinesville, Georgia 31310

This 29th day of October, 2015.

> SWIFT, CURRIE, McGHEE & HIERS, LLP
>
> By: _____
> Pamela Newsom Lee
> Georgia State Bar No. 198981
> Jennifer L. Nichols
> Georgia State Bar No. 001294
> Counsel for Defendant Belk, Inc.

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
pamela.lee@swiftcurrie.com
jennifer.nichols@swiftcurrie.com