# EXHIBIT "D"

RECEIVED FOR FILING
STATE COURT CLERK
CHATHAM CO. GA
2015 OCT -2 PM 2: 06

*Brian K. Hart*

## IN THE STATE COURT OF CHATHAM COUNTY
### STATE OF GEORGIA

GRACIE F. SCOTT )
)
    Plaintiffs, )
)
vs. )
)
)   Civil Action No. STCV1501572
)
BELK, INC., )
)
    Defendant.

### SUMMONS

TO:     BELK, INC.
       c/o National Registered Agents, Inc.
       1201 Peachtree Street Northeast, Suite 1240
       Atlanta, GA 30361

       You are hereby summoned and required to file with the Clerk of this Court and to serve upon the Plaintiff's attorney, whose name and address are:

       **H. Craig Stafford**
       **ARNOLD & STAFFORD**
       **Post Office Box 339**
       **Hinesville, Georgia 31310**
       **(912) 369-4529**

an answer to the Complaint that is herewith served upon you within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Date: 10-2-15

                           [Deputy] Clerk
                           Chatham County State Court

1

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

RECEIVED FOR FILING
STATE COURT CLERK
CHATHAM CO. GA
2015 OCT -2  PM 2:06

*Brian K. Hart*

| | |
|---|---|
| GRACIE F. SCOTT | ) |
|     Plaintiffs, | ) |
| vs. | ) |
| | ) |
| BELK, INC., | )   Civil Action No. _____ |
|     Defendant. | ) |
| | ) |

## COMPLAINT

COMES NOW Gracie F. Scott, Plaintiff in the above-styled action, by and through her attorneys, and shows the Court the following:

### 1.

Plaintiff, Gracie F. Scott, resides at 230 Maple Drive, N., Hinesville, Liberty County, Georgia 31313.

### 2.

Defendant, Belk, Inc., (hereinafter "Belk") is a corporation authorized to do business in the State of Georgia with an office/place of business located at 7804 Abercom Street, Suite 184, Savannah, Chatham County, Georgia  Defendant may be served with process in this case by service upon its registered agent for service of process, National Registered Agents, Inc., at 1201 Peachtree Street Northeast, Suite 1240, Atlanta, Fulton County, Georgia 30361.

### 3.

Defendant was the owner and/or occupier of the Belk department store located at 7804 Abercom St., Suite 184, Oglethorpe Mall, Savannah, GA 31406 at all times material herein.

### 4.

Jurisdiction is proper as to Defendant.

### 5.

Venue is proper as to Defendant.

- 1 -

**6.**

On January 2, 2014, Plaintiff Gracie F. Scott was legally on the premises of the Belk department store located at 7804 Abercorn St., Suite 184, Oglethorpe Mall, Savannah, GA 31406, as an invitee and customer/patron for the specific purpose of shopping at said Belk department store.

**7.**

While on the premises and within the Belk Department Store building, and while walking in the store within the pedestrian/customer designated walk way on the first floor and exercising all reasonable and due care for her safety, Plaintiff Gracie Scott stepped on an area of tile and grout which was unsafe, dangerous, and not properly maintained and which caused her to fall to the ground and sustain bodily injuries.

**8.**

Plaintiff Gracie F. Scott's fall was the direct result of the unsafe, dangerous condition of abnormal and uneven tile and grout surfacing.

**9.**

Agents and/or employees of Defendant were negligent in allowing the uneven tile and grout condition to exist.

**10.**

Defendant's agents and/or employees were negligent in that they failed to exercise ordinary care in keeping the premises safe.

**11.**

Said negligence of Defendant's agents and/or employees is imputed to Defendant.

**12.**

As a direct and proximate result of Defendant's negligence, Plaintiff Gracie F. Scott suffered bodily injuries, including, but not limited to, lacerations to her face and mouth and fractured teeth.

**13.**

At all times relative to this incident, Plaintiff Gracie F. Scott was exercising due care for her own safety.

- 2 -

her own safety.

### 14.

At the time and place of the incident complained of, Defendant owed Plaintiff Gracie F. Scott a duty of exercising ordinary care to maintain the department store premises in a reasonably safe condition; to correct dangerous conditions of which they knew or should have known; and to warn Plaintiff of any dangerous condition of which Defendant knew or should have had knowledge.

### 15.

At the time and place of the incident complained of, Defendant, via its agents and employees, breached its duties owed to Plaintiff Gracie F. Scott in one or more of the following ways:

a. Defendant negligently and carelessly maintained the area, and in particular, the walkway, in an unsafe, dangerous and defective condition;

b. Defendant negligently and carelessly failed to discover the unsafe, dangerous and defective condition of the walkway area by conducting proper inspections;

c. After Defendant learned or discovered this dangerous, unsafe and defective condition in the walkway, Defendant nonetheless failed to cause appropriate steps to be taken to remedy such condition and negligently and carelessly failed to correct it; and

d. After learning of the dangerous condition, Defendant negligently and carelessly failed to warn Plaintiff Gracie F. Scott about it.

### 16.

At all times complained of the unsafe and dangerous condition of the walkway area was a defect unknown to Plaintiff Gracie F. Scott and was not discoverable by her in the exercise of reasonable care.

### 17.

At all times complained of, Defendant knew, or in the exercise of ordinary care should have known, of the unsafe, dangerous and defective condition in the walkway, as it is heavily used by the patrons, and that such condition, if not promptly remedied, created a particular, inherent, intrinsic, and unreasonable risk of physical harm to persons coming upon the store premises.

**18.**

Defendant, via its agents and employees, had knowledge of said dangerous condition which was superior to the knowledge of Plaintiff.

**19.**

As a direct and proximate result of the aforementioned acts of negligence of Defendant and Defendant's agents and employees as set out herein, Plaintiff Gracie F. Scott has sustained pain and suffering, and medical bills and will sustain future pain and suffering, and medical expenses.

WHEREFORE, Plaintiff prays as follows:

(a)     That process issue and Defendant be served with the summons and complaint according to law;

(b)     That Plaintiff have a trial by a jury;

(c)     That Plaintiff Gracie F. Scott have judgment against Defendant for all damages allowed under Georgia law, including, but not limited to, recovery for general and special damages, including pain and suffering, both mental and physical, and medical bills, in an amount to be proven at the time of trial;

(d)     That Plaintiff recover the costs of this litigation;

(e)     For such other and further relief as this Court deems just and proper.

Respectfully submitted, this _2_ day of _October_, 2015.

ARNOLD, STAFFORD

H. Craig Stafford
Georgia Bar No. 673885
Jeffery L. Arnold
Georgia Bar No. 023375
Andrew S. Johnson
Georgia Bar No. 107116
Attorney for Plaintiff

Post Office Box 339
Hinesville, GA 31310
(912)369-4529

- 4 -

# ⋀  TIONAL REGISTERED AGEN.. ⌐, INC

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  GLENDA PIAZZA
Belk, Inc.
2801 W Tyvola Rd
Charlotte, NC 28217-4500

SOP Transmittal #  **527966514**

404-965-3840 - Telephone

Entity Served:  BELK, INC.  (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc or its Affiliate in the State of GEORGIA on this 12 day of October, 2015. The following is a summary of the document(s) received:

1.  **Title of Action:**  GRACIE F. SCOTT, Pltf. vs. BELK, INC., Dft.

2.  **Document(s) Served:**  Other: Summons, Complaint, First Request(s), First Interrogatories

3.  **Court of Jurisdiction/Case Number:** Chatham County State Court, GA
Case # STCV1501572

4.  **Amount Claimed, if any:**  N/A

5.  **Method of Service:**

    _X_ Personally served by:        _X_ Process Server        ___ Deputy Sheriff        ___ U. S Marshall

    ___ Delivered Via:        ___ Certified Mail        ___ Regular Mail        ___ Facsimile

    ___ Other (Explain):

6.  **Date and Time of Receipt:**   10/12/2015 09:29:00 AM CST

7.  **Appearance/Answer Date:**  Within 30 days after service, exclusive of the day of service (Document(s) may contain additional answer dates)

8.  **Received From:**   H. Craig Stafford
ARNOLD, STAFFORD
Post Office Box 339
Hinesville, GA 31310
912-369-4529

9.  **Federal Express Airbill #**

10.  **Call Made to:** Not required

11.  **Special Comments:**
NRAI has retained the current log. Retain Date: 10/12/2015. Expected Purge Date: 11/11/2015

Image SOP

Email Notification, RALPH A. PITTS  RALPH_PITTS@BELK.COM

Email Notification, LUTHER T. MOORE  LUTHER_MOORE@BELK.COM

Email Notification, GLENDA PIAZZA  GLENDA_PIAZZA@BELK.COM

Email Notification, REBECCA ORR  REBECCA_ORR@BELK.COM

**NATIONAL REGISTERED AGENTS, INC**                    CopiesTo:

Transmitted by   Shakinah Edwards
The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

FOR FILING
CLERK

2015 NOV -3  AM 10: 37

GRACIE F. SCOTT )
)
    Plaintiff, )
)
v. )
)
BELK, INC., )
)
    Defendant. )
)

CIVIL FILE NO. STCV1501572

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant BELK, INC., and hereby files this its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

### FIRST DEFENSE

No act or omission of this Defendant either proximately caused or contributed to whatever damages the Plaintiff may have sustained, and on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

### SECOND DEFENSE

At all times, Defendant exercised a duty of care required by it under law; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

### THIRD DEFENSE

The occurrence complained of was caused, produced, and brought about directly and proximately by the negligence of Plaintiff, and on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

## FOURTH DEFENSE

Plaintiff could and should have avoided the consequences of any alleged injuries she sustained in the incident described in her Complaint; therefore, Defendant has no liability to Plaintiff.

## FIFTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided being injured, and on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

## SIXTH DEFENSE

Plaintiff herself may have had equal knowledge of the alleged hazard described in her Complaint to that of the Defendants; therefore, Plaintiff's claims are barred under Georgia law.

## SEVENTH DEFENSE

If Defendant was negligent, and Defendant expressly denies that it was negligent in any manner whatsoever, Plaintiff's own negligence may have equaled or surpassed any assumed negligence on the part of the Defendant; therefore, Plaintiff cannot recover from this Defendant in any sum or manner.

## EIGHTH DEFENSE

Plaintiff has failed to mitigate her damages and therefore cannot recover against the Defendant.

## NINTH DEFENSE

Plaintiff is not the real party in interest with regards to the items of damages outlined in the Complaint, and can therefore not recover for same.

## TENTH DEFENSE

Plaintiff's claim for attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11 is factually and legally without merit and should be dismissed.

## ELEVENTH DEFENSE

Without waiving any of the above defenses and subject to the above affirmative defenses, this Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint answers as follows:

1.

Defendant does not possess sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

2.

This Defendant admits that Belk, Inc. operates a Belk department store located at 7804 Abercorn Street, Suite 62, Savannah, Georgia, that its registered agent for service has been property identified by Plaintiff, and that venue is proper in Chatham County. This Belk department store is retail establishment selling goods to the general public. This Defendant denies the balance of the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

This Defendant admits that Belk, Inc. operates a Belk department store located at 7804 Abercorn Street, Suite 62, Savannah, Georgia. This Defendant denies the balance of the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant does not possess sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

7.

This Defendant denies that it breached a duty owed to Plaintiff. Defendant does not possess sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

8.

Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint as stated.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint, including subparagraphs (a) through (d).

16.

Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

## TWELTH DEFENSE

Defendant denies the last numbered paragraph in Plaintiff's Complaint including sub-paragraphs (a) through (e).

Each and every allegation contained in Plaintiff's Complaint not specifically addressed above is hereby expressly denied.

WHEREFORE, Defendant having fully answered the Plaintiff's Complaint prays that it hence be discharged of the Plaintiff's Complaint on all the aforesaid defenses, and that judgment be entered in favor of this Defendant and against the Plaintiff, with all costs cast upon the Plaintiff. Defendants prays that:

(a)     Plaintiff's Complaint be dismissed;

(b)     That Defendants have a jury of 12 for a trial of this case; and

(c)     Any further relief this Court deems as proper.

Respectfully submitted this 29th day of October, 2015.

SWIFT, CURRIE, McGHEE & HIERS, LLP

By: _____
      Pamela Newsom Lee
      Georgia State Bar No. 198981
      Jennifer L. Nichols
      Georgia State Bar No. 001294
      Counsel for Defendants Belk, Inc.

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
pamela.lee@swiftcurrie.com
jennifer.nichols@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint* via U.S. Mail, addressed as follows:

> H. Craig Stafford, Esq.
> Jeffery L. Arnold, Esq.
> Andrew S. Johnson, Esq.
> ARNOLD & STAFFORD
> Post Office Box 339
> Hinesville, Georgia 31310

This 29ᵗʰ day of _____ October, 2015.

SWIFT, CURRIE, McGHEE & HIERS, LLP

By: _____
    Pamela Newsom Lee
    Georgia State Bar No. 198981
    Jennifer L. Nichols
    Georgia State Bar No. 001294
    Counsel for Defendant Belk, Inc.

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
pamela.lee@swiftcurrie.com
jennifer.nichols@swiftcurrie.com

3052464v.1

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

RECEIVED FOR FILING
STATE COURT CLERK
CHATHAM CO. GA

2015 NOV -3  AM 10: 37

Brian K. Hart

GRACIE F. SCOTT                    )
                                   )
          Plaintiff,               )
                                   )
v.                                 )        CIVIL FILE NO. STCV1501572
                                   )
BELK, INC.,                        )
                                   )
          Defendant.               )
_____)

## DEMAND FOR JURY TRIAL

Defendant Belk, Inc. hereby demands a trial by a jury of twelve (12) persons for all issues

properly triable by a jury.

Respectfully submitted this 21 day of ___October___, 2015.


                              SWIFT, CURRIE, McGHEE & HIERS, LLP


                    By: _____
                              Pamela Newsom Lee
                              Georgia State Bar No. 198981
                              Jennifer L. Nichols
                              Georgia State Bar No. 001294
                              Counsel for Defendant Belk, Inc.

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile:  (404) 888-6199
pamela.lee@swiftcurrie.com
jennifer.nichols@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Demand*

*for Jury Trial* via U.S. Mail, addressed as follows:

H. Craig Stafford, Esq.
Jeffery L. Arnold, Esq.
Andrew S. Johnson, Esq.
ARNOLD & STAFFORD
Post Office Box 339
Hinesville, Georgia 31310

This 29th day of October , 2015.

SWIFT, CURRIE, McGHEE & HIERS, LLP

By: _____
Pamela Newsom Lee
Georgia State Bar No. 198981
Jennifer L. Nichols
Georgia State Bar No. 001294
Counsel for Defendant Belk, Inc.

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
pamela.lee@swiftcurrie.com
jennifer.nichols@swiftcurrie.com

3052460v.1

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

RECEIVED FOR FILING
STATE COURT CLERK
CHATHAM CO. GA

2015 NOV -3 AM 10: 37

*Brian K. Hart*

| | | |
|---|---|---|
| GRACIE F. SCOTT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL FILE NO. STCV1501572 |
| | ) | |
| BELK, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

Pursuant to Rule 5.2 of the Georgia Uniform Superior Court Rules, this is to certify that

I have this date served a true and correct copy of the following:

1. *Defendant's First Continuing Interrogatories to Plaintiff Gracie F. Scott; and*

2. *Defendant's First Request for Production of Documents to Plaintiff Gracie F. Scott*

upon all parties to this matter by depositing a true copy of same in the U. S. Mail, proper

postage prepaid, addressed to counsel of record as follows:

> H. Craig Stafford, Esq.
> Jeffery L. Arnold, Esq.
> Andrew S. Johnson, Esq.
> ARNOLD & STAFFORD
> Post Office Box 339
> Hinesville, Georgia 31310

Respectfully submitted this 29th day of October, 2015.

SWIFT, CURRIE, McGHEE & HIERS, LLP

By: _____
Pamela Newsom Lee
Georgia State Bar No. 198981

Jennifer L. Nichols
Georgia State Bar No. 001294
Counsel for Defendant Belk, Inc.

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile:  (404) 888-6199
pamela.lee@swiftcurrie.com
jennifer.nichols@swiftcurrie.com

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

GRACIE F. SCOTT,                        *
                                        *
          Plaintiff,            *
                                        *       CIVIL ACTION FILE
v.                                      *
                                        *       NO. STCV1501572
BELK, INC.,                             *
                                        *
          Defendant.            *

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

Pursuant to Rule 5.2 of the Georgia Uniform Superior Court Rules, this is to certify that I have this date served a true and correct copy of the following:

1. *Defendant's Responses to Plaintiff's First Request for Admissions to Defendant;*

2. *Defendant Belk, Inc.'s Objections and Responses to Plaintiffs' First Interrogatories to Defendant;* and

3. *Defendant Belk, Inc.'s Objections and Responses to Plaintiffs' First Request for Production and Things to Defendant*

upon all parties to this matter by depositing a true copy of same in the U. S. Mail, proper postage prepaid, addressed to counsel of record as follows:

H. Craig Stafford, Esq.
Jeffery L. Arnold, Esq.
Andrew S. Johnson, Esq.
ARNOLD & STAFFORD
Post Office Box 339
Hinesville, Georgia 31310

This 10th day of December 2015.

SWIFT, CURRIE, McGHEE & HIERS, LLP

By: _____

Pamela Newsom Lee
Georgia State Bar No. 198981
Attorney for **Defendant**
**BELK, INC.**

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
Pamela.lee@swiftcurrie.com

3069744v.1

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

GRACIE F. SCOTT                )
                              )
      Plaintiff,          )
                              )
v.                             )        CIVIL FILE NO. STCV1501572
                              )
BELK, INC.,                    )
                              )
      Defendant.          )
_____ )

### UNIFORM SUPERIOR COURT RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

The undersigned hereby certifies that a copy or copies of the materials: Plaintiff's Responses to Defendant Belk, Inc.'s Interrogatories and Request for Production of Documents served via ☒ First Class U.S. Mail ☐ Facsimile ☒ Email ☐ Hand Delivery ☐ Overnight Delivery ☐ Other: _____, upon:

Pamela Newsom Lee
Jennifer Nichols
Swift, Currie, McGhee & Hiers, LLP
1355 Peachtree St. NE
Suite 300
Atlanta, Georgia 30309-3231

This 21 day of December, 2015.

                           ARNOLD & STAFFORD

                           H. Craig Stafford
                           Georgia Bar No. 673885
                           Attorney for Plaintiffs

Post Office Box 339
Hinesville, GA  31310
(912) 369-4529

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

GRACIE F. SCOTT                    )
                                  )
          Plaintiff,              )
                                  )
v.                                )        CIVIL FILE NO. STCV1501572
                                  )
BELK, INC.,                       )
                                  )
          Defendant.              )
_____ )

## STIPULATION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY

COME NOW, Plaintiff **GRACIE F. SCOTT** and Defendant **BELK, INC.**, by and through the undersigned counsel of record, and hereby stipulate and agree that Defendant's responses to *Plaintiff's First Request for Admissions to Defendant, Plaintiffs' First Interrogatories to Defendant*, and *Plaintiffs' First Request for Production and Things To Defendant*, shall be mailed on or before **December 17, 2015** and shall be deemed timely as of that date. The parties further stipulate and agree that Plaintiff's responses to *Defendant's First Continuing Interrogatories to Plaintiff Gracie F. Scott* and *Defendant's First Request for Production of Documents to Plaintiff Gracie F. Scott*, shall be mailed on or before **December 21, 2015** and shall be deemed timely as of that date.

Respectfully submitted this 20th day of November, 2015.

STIPULATED AND AGREED TO BY:

ARNOLD & STAFFORD                        SWIFT, CURRIE, McGHEE & HIERS, LLP

*Craig Stafford*                         _____
H. Craig Stafford, Esq.                  Pamela Newsom Lee
Georgia State Bar No. 673885             Georgia State Bar No. 198981
Jeffery L. Arnold, Esq.                  Jennifer L. Nichols
Georgia State Bar No. 023375             Georgia State Bar No. 001294
Andrew S. Johnson, Esq.                  Suite 300, The Peachtree
Georgia State Bar No. 107116             1355 Peachtree Street, N.E.
ARNOLD & STAFFORD                        Atlanta, GA 30309-3231

*signed with express permission by ____ ____*

Post Office Box 339
Hinesville, Georgia 31310
*Attorneys for Plaintiff*

*Attorney for Defendant Belk, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Stipulation for Extension of Time to Respond to Discovery* via U.S. Mail, addressed as follows:

H. Craig Stafford, Esq.
Jeffery L. Arnold, Esq.
Andrew S. Johnson, Esq.
ARNOLD & STAFFORD
Post Office Box 339
Hinesville, Georgia 31310

This 20th day of November, 2015.

SWIFT, CURRIE, McGHEE & HIERS, LLP

By: _____
Pamela Newsom Lee
Georgia State Bar No. 198981
Jennifer L. Nichols
Georgia State Bar No. 001294
Counsel for Defendant Belk, Inc.

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
pamela.lee@swiftcurrie.com
jennifer.nichols@swiftcurrie.com

3067090v.1